09-5155-ag
Wang v. Holder

BIA
Van Wyke, IJ
A096 258 196

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of February, two thousand eleven.

PRESENT:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> DENNY CHIN,
> > *Circuit Judges.*

_____

KE HUI WANG,
> *Petitioner,*

v.                                    09-5155-ag
                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Michael Brown, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Kevin J. Conway, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ke Hui Wang, a native and citizen of the People's Republic of China, seeks review of a November 27, 2009, order of the BIA, affirming the December 15, 2008, decision of Immigration Judge ("IJ") William P. Van Wyke, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ke Hui Wang*, No. A096 258 196 (B.I.A. Nov. 27, 2009), *aff'g* Nos. A096 258 196 (Immig. Ct. N.Y. City Dec. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotations omitted). The applicable standards of review are well-established. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating

them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun*, 510 F.3d at 379. We review *de novo* questions of law and the application of law to undisputed fact. *Salimaton Bah*, 529 F.3d at 110.

As a preliminary matter, Wang does not challenge the agency's determination that his asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), and thus he has abandoned that claim.

As to withholding of removal and CAT relief, substantial evidence supports the agency's adverse credibility determination: (1) Wang's poor demeanor while testifying, (2) two significant inconsistences in his testimony, and (3) his failure to provide a reasonable explanation for his difficulties in testifying. *See Shu Wen Sun*, 510 F.3d at 379.

**A.   Demeanor**

The IJ found Wang not credible, in part because of his demeanor, noting that long pauses preceded some of Wang's answers and that several times he was completely unresponsive. Because the IJ was in the best position to observe Wang's manner while testifying, we afford his

3

demeanor finding particular deference. *See Niang v. Mukasey*, 511 F.3d 138, 145 (2d Cir. 2007). Moreover, the record supports the IJ's finding that Wang's answers were unresponsive on several occasions and that he responded to numerous questions – including such elemental questions as what the Chinese government did to him and his wife – by saying that he did not remember.

## B.   Inconsistences

In finding Wang's testimony not credible, the agency also reasonably relied on two inconsistencies in his testimony. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007). First, the agency noted that Wang's testimony was inconsistent as to whether he was detained before or after his wife was discovered by the family planning officials. Wang testified, in conformance with his written statement, that the family planning officials arrested him to make him reveal his wife's whereabouts because she was in hiding. Wang also testified, however, that he was detained on March 4, 2002, while his written statement indicated that the family planning officials had found his wife on March 3, 2002. When asked to explain this inconsistency, Wang replied "I forgot."

4

Second, the agency noted that Wang's testimony was inconsistent with respect to the provenance of a hotel receipt dated March 13, 2002, that he submitted in support of his claim that he was still in China at that time. Wang testified that he had given the hotel receipt to his wife in the hotel and that she sent the receipt to him. However, Wang had earlier testified that he had not seen his wife after the abortion, then adding that he saw her only once when she came back from the hospital. When Wang was asked to reconcile his testimony as to whether his wife was with him in the hotel or not, he replied "I cannot remember clear."

Because these inconsistencies relate to the heart of Wang's claims, and are substantial when measured against the record as a whole, the agency did not err in finding him not credible. *See Wensheng Yan*, 509 F.3d at 66. In addition, the agency was entitled to rely on the cumulative effect of the inconsistencies, even if individually they were ancillary to Wang's claim. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

**C.    Absence of Reasonable Explanations**

Finally, Wang argues that he adequately explained that the pauses in his testimony and his lack of memory were due

5

to his lack of education and the stress in his life.  The IJ reasonably discounted Wang's explanations, however, noting that he first testified that his memory problems stemmed from his stressful work schedule but later indicated that his memory had been bad since he was a child.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).  The agency did not err in denying Wang's application for withholding of removal and CAT relief based on its adverse credibility determination, as the claims shared the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with

6

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk